UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MIKHAIL RUFIN,

    Petitioner,

v.                                              Case No. 3:19-cv-329-J-32JBT

DEPARTMENT OF
HOMELAND SECURITY,

    Respondent.

## ORDER

Petitioner Mikhail Rufin, a native and citizen of Russia, initiated this action by filing a pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. See Doc. 1 (Petition).

Petitioner contends that the United States Department of Homeland Security, Immigration and Customs Enforcement (ICE) has unlawfully detained him for more than ninety days awaiting deportation or release. See Doc. 1 at 1-3 (citing Zadvydas v. Davis, 533 U.S. 678 (2001)). He seeks immediate release from custody while he awaits removal from the United States. Doc. 1 at 5.

Respondent filed a "Notice of Petitioner's Release from Custody" in which it asserts that on June 13, 2019, Petitioner was released under an Order of Supervision pending removal from the United States. See Doc. 5. Respondent attaches a copy of the Order of Supervision. See Doc. 5-1. Petitioner also filed a "Notice of Change of

Current Mailing Address" in which he advises the Court that he is no longer in ICE custody and now resides at a residential address. See Doc. 6.

Upon review of the file, the Court finds that the Petition is moot based on Petitioner's release from custody.

Accordingly, it is

**ORDERED AND ADJUDGED:**

1. The Petition (Doc. 1) is **DISMISSED without prejudice**.

2. The Clerk of Court shall enter judgment accordingly and close this case.

3. If Petitioner appeals the dismissal of the case, this Court denies a certificate of appealability.[1] Because this Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper. Such termination shall serve as a denial of the motion.

---

[1] The Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Upon due consideration, the Court will deny a certificate of appealability.

**DONE AND ORDERED** at Jacksonville, Florida, this 19th day of June, 2019.

TIMOTHY J. CORRIGAN
United States District Judge

Jax-7

C:  Mikhail Rufin
    Counsel of Record